**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
NYESHIA SKIPWITH,

                    Plaintiff,

      -against-

COUNTY OF SUFFOLK, DETECTIVE MICHAEL SOTO, in his official and individual capacities, DETECTIVE JOHN OLIVA, in his official and individual capacities, and DETECTIVE SEAN P. MCQUAID in his official and individual capacities,

                    Defendants.
--------------------------------------------------------------------x

CV-11 4426

Index No.

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ SEP 14 2011 ★

**VERIFIED COMPLAINT**
LONG ISLAND OFFICE

SPATT, J.

TOMLINSON, M

      Plaintiff, NYESHIA SKIPWITH, complaining of the above-named Defendants by her attorneys, EGAN & GOLDEN, LLP, and MICHAEL J. BROWN, P.C., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    This is a civil action seeking monetary relief, including past and ongoing economic loss, compensatory damages, disbursements, costs and fees by Plaintiff brought under 42 U.S.C. §§1983 and 1985 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

      2.    Additionally, this action seeks monetary relief, including past and ongoing economic loss, compensatory damages, punitive damages, disbursements, costs and fees from Defendants for various state-law claims brought under Article I, Section 12 of the New York State Constitution, directly stemming or closely related to the

Federal law violations, including false arrest, coercive interrogation, intentional infliction of emotional distress and negligent infliction of emotional distress.

3.  Plaintiff alleges that Defendants wantonly, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other and with others not named as Defendants, while acting under color of state law, intentionally and willfully subjected Plaintiff to, *inter alia*, impairment of reputation, personal humiliation, intentional and negligent infliction of emotional distress, and the use of illegal coercion techniques.

4.  Said unconstitutional and illegal conduct was known to Defendants and others who are government officials, elected officials, authorized decision makers, supervisors, and policy makers, and was accepted and supported as policy, practice and custom.

5.  Plaintiff also seeks punitive damages against the individual Defendants for their malicious, intentional, reckless and callous indifference to Plaintiff's constitutional rights.

## JURISDICTION

6.  This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this Court is invoked under 28 U.S.C. §1331, and 28 U.S.C. §1343(3) and (4). Pendant jurisdiction over Plaintiffs' state law claims exists pursuant to 28 U.S.C. §1367.

7. The amount in controversy exceeds $75,000.00 excluding interest and costs.

8. Venue is properly laid within the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b), as the Plaintiff's claims arose in the Eastern District of New York and Defendant, COUNTY OF SUFFOLK, is wholly located within and, upon information and belief, the individual Defendants reside, within the boundaries of the Eastern District of New York.

## PARTIES

9. Plaintiff, NYESHIA SKIPWITH ("MS. SKIPWITH"), is a citizen of the United States and at all times relevant hereto resided in the County of Suffolk, State of New York.

10. Defendant, COUNTY OF SUFFOLK, is a municipal corporation organized under and existing pursuant to the laws of the State of New York.

11. Defendant, DETECTIVE MICHAEL SOTO ("DETECTIVE SOTO"), was at all times relevant hereto, employed by the COUNTY OF SUFFOLK in the position of a Detective in the County of Suffolk's Police Department and is sued herein in both his individual and official capacities.

12. Defendant, DETECTIVE JOHN OLIVA ("DETECTIVE OLIVA"), was at all times relevant hereto, employed by the COUNTY OF SUFFOLK in the position of a Detective in the County of Suffolk's Police Department and is sued herein in both his individual and official capacities.

13. Defendant, DETECTIVE SEAN MCQUAID ("DETECTIVE MCQUAID"), was at all times relevant hereto, employed by the COUNTY OF

SUFFOLK in the position of a Detective in the County of Suffolk's Police Department and is sued herein in both his individual and official capacities.

16. During all times mentioned in this Complaint, Defendants were acting under color of law, to wit, under color of the United States and New York Constitutions, and statutes, ordinances, laws, rules, regulations, by-laws, policies, customs and usages promulgated and established thereunder.

15. During all times mentioned in this Complaint, Defendants and each of them, separately and in concert, and in conspiracy with others not named as Defendants in the Complaint, engaged in acts and omissions which constituted a deprivation of the constitutional rights, privileges and immunities of Plaintiff. While these acts were carried out under color of law, Defendants' actions had no justification, privilige or excuse in law, and were instead gratuitous, malicious, intentional, illegal and improper.

## NOTICE OF CLAIM

16. On December 3, 2010, that date being within ninety (90) days after the dismissal of the indictment against Plaintiff by the Suffolk County District Attorney, Plaintiff filed a written Notice of Claim with the COUNTY OF SUFFOLK. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

17. Ms. Skipwith is an African American woman, a mother and a nurse.

18. At approximately 11:00 a.m. on the morning of March 25, 2010, Ms. Skipwith was at her workplace when DETECTIVE SOTO and DETECTIVE

4

MCQUAID arrived at her place of business on the pretense of investigating a September 29, 2009 robbery of TD Bank located at 1806 Route 112, Medford, New York ("the bank robbery").

19. DETECTIVE SOTO and DETECTIVE OLIVA requested Ms. Skipwith to accompany them to Suffolk County Police Department Headquarters in Yaphank for questioning about the bank robbery.

20. During the ride in the police vehicle to police headquarters, Ms. Skipwith repeatedly and consistently denied her involvement in the bank robbery.

21. The detectives placed Ms. Skipwith in an isolated room where they began questioning her about the bank robbery.

22. When Ms. Skipwith arrived at police headquarters, her family had been repeatedly calling headquarters in order to make contact with her. DETECTIVES SOTO and OLIVA isolated Plaintiff and refused to allow her to speak with her family members.

23. For a period of seven (7) hours, DETECTIVE SOTO and DETECTIVE OLIVA, as well as other unnamed officers of the County of Suffolk Police Department, coerced, intimidated, tricked, harassed and berated Ms. Skipwith into admitting and signing a confession of her participation in the bank robbery.

24. The threats made by DETECTIVE SOTO and DETECTIVE OLIVA, as well as other unidentified co-conspirators and police officers of the Suffolk County Police Department include: claiming that Ms. Skipwith would never be allowed to attend school to obtain her LPN license; that her license as a certified nursing

assistant would be taken away; that her children would be taken away from her; and that her bail would be set so high that she'd never be released from jail.

25. That the foregoing threats and coercive interrogation techniques continued from 11:30 a.m. to 5:30 p.m; and that following the pressure, coercion, harassment, intimidation and threats by DETECTIVE SOTO, DETECTIVE OLIVA and other unnamed officers in the County of Suffolk Police Department, Ms. Skipwith signed a false confession at approximately 5:30 p.m. stating that she participated in the bank robbery.

26. The promises, threats, pressure and trickery deployed by DETECTIVE SOTO and DETECTIVE OLIVA and other unnamed members of the Suffolk County Police Department operated upon the fear of Ms. Skipwith, effectively depriving Ms. Skipwith of her freedom of will or self-control, which is essential to make a confession voluntary within the meaning of law.

27. The prolonged interrogation of Ms. Skipwith who, despite her requests, was cut off from moral support of or communication with, friends and relatives and repeatedly denied the assistance of counsel, amounted to an unconstitutional inquisition violating Plaintiff's rights to not "be compelled in any criminal case to be a witness against himself."

28. During the time of her custodial interrogation, she repeatedly requested an attorney, asked to use the bathroom, and pleaded with Defendants to allow her to make a phone call, with each of these requests being denied and refused by Defendants.

29. Following the coerced confession, Ms. Skipwith was held by Defendants in custody at the Suffolk County Jail from March 25, 2010 to April 21, 2010.

30. On the basis of the coerced confession, Ms. Skipwith was charged with third degree robbery of the TD Bank by the Suffolk County District Attorney's Office.

31. As was known to Defendants prior to their arrest of Ms. Skipwith, and throughout her interrogation and subsequent incarceration, the teller at the bank robbery repeatedly described the perpetrator as a "white female".

32. In fact, at the precise time of the bank robbery, which Plaintiff was confessing to have committed, Plaintiff appeared before a Suffolk County Family Court judge, as shown by the official court records.

33. Prior to, and during her time of incarceration, Ms. Skipwith was pregnant with her third child. Immediately following her release on bail on April 21, 2010, Plaintiff was distraught, upset and concerned that she would not be able to care for her baby while incarcerated and very reluctantly chose to abort her fetus.

34. Ms. Skipwith also sought psychiatric treatment in July 2010 for the mental anguish and abuse from the acts of Defendants.

35. On September 15, 2010, the Suffolk County District Attorney voluntarily dismissed the criminal case and charges against Plaintiff.

36. Each and every of the foregoing enumerated actions and tactics were willfully and maliciously undertaken by DETECTIVE SOTO, DETECTIVE OLIVA, and other co-conspirators who are not named as Defendants in this case but

are employed by the Suffolk County Police Department, each of whom were acting under color of state law in the scope of their employment by the COUNTY OF SUFFOLK.

## AS AND FOR A FIRST CAUSE OF ACTION
42 U.S.C. §1983
(Municipal Liability)

37. Paragraphs "1" through "36" are incorporated herein by reference.

38. Defendant, COUNTY OF SUFFOLK, knew or should have known of its officers, employees', agents', servants' propensity to engage in the illegal and wrongful acts detailed above.

39. Upon information and belief, DETECTIVE SOTO, DETECTIVE OLIVA, and other unnamed members of the COUNTY OF SUFFOLK'S Police Department, who are not named as Defendants herein, have in the past engaged in similar unlawful and unconstitutional conduct.

40. Defendant, COUNTY OF SUFFOLK, has failed to take steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the Defendants in this case, and upon information and belief, other similar cases involving misconduct and excessive force.

41. Defendant, COUNTY OF SUFFOLK, has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove or correct the illegal and improper acts of its employees, agents or servants in this case, and upon information and belief, other similar cases involving misconduct and excessive force.

42. By reason of Defendant, COUNTY OF SUFFOLK's, unlawful governmental custom, policy, ordinance, regulation, or decision, the COUNTY OF

SUFFOLK permitted or otherwise allowed DETECTIVE SOTO, DETECTIVE OLIVA and upon information and belief, other members of the COUNTY OF SUFFOLK's Police Department to use excessive, unconstitutional and coercive interrogation techniques to harm Plaintiff, and upon information and belief, other citizens.

43. The use of excessive, unconstitutional and coercive interrogation techniques against Plaintiff was the result of the policy, practice and custom of the COUNTY OF SUFFOLK to inadequately supervise and discipline law enforcement officers who use unconstitutional and coercive interrogation techniques.

44. Upon information and belief, the policy, practice and custom of the COUNTY OF SUFFOLK is that when police officers use excessive, unconstitutional and coercive interrogation techniques, other officers do not intervene to prevent the use of illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

45. Upon information and belief, the policy, practice and custom of the COUNTY OF SUFFOLK with respect to allegations of excessive, unconstitutional and coercive interrogation techniques reported by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than discover the true facts of the incident.

46. Upon information and belief, as a result of this code of silence adhered to by the COUNTY OF SUFFOLK police officers and the inadequate investigation of allegations of the use of excessive, unconstitutional and coercive interrogation techniques, police officers reasonably conclude that their use of excessive

unconstitutional and coercive interrogation techniques will not result in discipline, termination, or criminal prosecution against them.

47. Defendants, COUNTY OF SUFFOLK, DETECTIVE SOTO, and DETECTIVE OLIVA, acting under color of law, and through their employees, servants, agents and designees, including amongst them, DETECTIVE SOTO and DETECTIVE OLIVA, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice which has deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. §1983.

48. Defendant, COUNTY OF SUFFOLK, is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents and servants.

49. Defendants, acting under color of law, collectively and individually have engaged in actions and abuses which have deprived Plaintiff of liberty rights, property rights, due process, privileges and immunities secured by the Fifth and Fourteenth Amendments to the United States Constitution and laws in violation of 42 U.S.C. §§1983 and 1985.

50. As a direct result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, physical damage, embarrassment, and damage to her reputation.

51. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive charges, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
42 U.S.C. §§1983 and 1985
(Violation of Fourth, Fifth and Fourteenth Amendments to the United States Constitution)

52. Paragraphs "1" through "51" are incorporated herein by reference.

53. Defendants, acting under color of law, collectively and individually have engaged in actions and abuses which have deprived Plaintiff of liberty rights, property rights, due process, equal protection under the law, and privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and laws, and have conspired to deprive Plaintiff of such rights, in violation of 42 U.S.C. §1983.

54. Defendants intentionally treated Plaintiff differently from others similarly situated and lacked a rational basis for the difference in treatment.

55. As a direct result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, physical damage, embarrassment, and damage to her reputation.

56. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive charges, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

57. Paragraphs "1" through "56" are incorporated herein by reference.

58. That by the isolated custodial interrogation Defendants intended to confine the Plaintiff at police headquarters.

59. Plaintiff was fully conscious of the confinement and repeatedly objected to the confinement and in no manner consented to the confinement.

60. Before Defendants' arrest of Plaintiff, Defendants had in their possession a September 9, 2009 statement from Lisa Keller, who was the teller at TD Bank branch, who stated that "while I was working at Teller Station #4, a white female approached the counter." Keller goes on to state that "I can describe her as a white Female in her early 20's, 5'5" – 5'6" tall. She had a light complexion and possibly light eyes".

61. Keller's statement was made before the arrest of Plaintiff and the statement was actually taken by Defendant, DETECTIVE OLIVA.

62. With the Keller statement executed well prior to the Plaintiff's arrest and confession, Defendants did not have any subjective or objective good faith regarding the reasonableness of the arrest and Defendants' failure to examine the totality of the circumstances directly led to the false arrest of Plaintiff.

63. That the foregoing complained of acts by DefendantDefendants unlawfully led to Plaintiff's incarceration and loss of freedom Plaintifffor over thirty (30) days.

64. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive charges, costs and attorneys' fees.

65. Under no facts or circumstances was the confinement of Plaintiff by Defendants otherwise privileged, nor was there probable cause to make the arrest.

## AS AND FOR A FOURTH CAUSE OF ACTION
42 U.S.C. §§ 1983 and 1985
(Intentional Infliction of Emotional Distress)

66. Paragraphs "1" through "65" are incorporated herein by reference.

67. The interrogative techniques and coercive acts by DETECTIVE SOTO and DETECTIVE OLIVA towards Plaintiff were intentional and reckless, extreme and outrageous, and were inflicted to cause Plaintiff severe emotional distress.

68. As a direct and proximate result of the above-described illegal actions of DETECTIVE SOTO and DETECTIVE OLIVA, including their use of excessive and unnecessary coercive interrogation techniques, Plaintiff sustained anguish of mind, and to incur substantial medical conditions and other concerns.

69. In inflicting the described harm and injuries on Plaintiff, Defendants acted maliciously and wantonly, intending to wrongfully and unlawfully inflict mental pain and suffering on Plaintiff, and Plaintiff is therefore entitled to punitive damages.

70. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

71. By reason of the above-described actions, Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§1983 and 1985 and the New York State Constitution.

72. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
New York State Law
(Intentional Infliction of Emotional Distress)

73. Paragraphs "1" through "72" are incorporated herein by reference.

74. The brutal and outrageous conduct of DETECTIVE SOTO and DETECTIVE OLIVA towards Plaintiff was intentional and reckless, extreme and outrageous, and was inflicted to cause Plaintiff severe emotional distress.

75. As a direct and proximate result of the above-described illegal actions of DETECTIVE SOTO and DETECTIVE OLIVA, including their use of excessive and unnecessary coercion, Plaintiff sustained severe anguish of mind, and incurred substantial medical expenses.

76. In inflicting the described harm and injuries on Plaintiff, Defendants acted maliciously and wantonly, intending to wrongfully and unlawfully inflict physical and mental pain and suffering on Plaintiff, and Plaintiff is therefore entitled to punitive damages.

77. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

78. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
42 U.S.C. §§ 1983 and 1985
(Negligent Infliction of Emotional Distress)

79. Paragraphs "1" through "78" are incorporated herein by reference.

80. DETECTIVE SOTO and DETECTIVE OLIVA's brutal conduct towards Plaintiff was negligent, extreme and outrageous, and it was reasonably foreseeable that such conduct would cause Plaintiff severe emotional distress and mental anguish and did in fact cause Plaintiff severe emotional distress.

81. As a direct and proximate result of the above-described illegal actions of DETECTIVE SOTO and DETECTIVE OLIVA, including their use of excessive and unnecessary coercive tactics, Plaintiff sustained severe anguish of mind, and incurred substantial medical expenses.

82. In inflicting the described harm and injuries on Plaintiff, Defendants acted maliciously and wantonly, intending to wrongfully and unlawfully inflict physical and mental pain and suffering on Plaintiff, and Plaintiff is therefore entitled to punitive damages.

83. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

84. By reason of the above-described actions, Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§1983 and 1985 and the New York State Constitution.

85. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
New York State Law
(Negligent Infliction of Emotional Distress)

86. Paragraphs "1" through "85" are incorporated herein by reference.

87. DETECTIVE SOTO and DETECTIVE OLIVA's brutal conduct towards Plaintiff was negligent, extreme and outrageous, and it was reasonably foreseeable that such conduct would cause Plaintiff severe emotional distress and mental anguish and did in fact cause the Plaintiff severe emotional distress.

88. As a direct and proximate result of the above-described illegal actions of DETECTIVE SOTO and DETECTIVE OLIVA, including their use of excessive and unnecessary coercive tactics, Plaintiff sustained severe anguish of mind, and incurred substantial medical expenses.

89. In inflicting the described harm and injuries on Plaintiff, Defendants acted maliciously and wantonly, intending to wrongfully and unlawfully inflict mental pain and suffering on Plaintiff, and Plaintiff is therefore entitled to punitive damages.

90. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

91. As a result of Defendants' acts, Plaintiff suffered, and is entitled to, damages sustained to date and continuing in excess of Five Million ($5,000,000.00) Dollars, as well as punitive damages, costs and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

A. <u>On the First Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, cost and attorney's fees;

B. <u>On the Second Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

C. <u>On the Third Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, punitive damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

D. <u>On the Fourth Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, punitive damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

E. <u>On the Fifth Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, punitive damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

F. <u>On the Sixth Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, punitive damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

  G. <u>On the Seventh Cause of Action</u>: in excess of $5,000,000.00 in compensatory damages, punitive damages, cost and attorney's fees or such greater or lesser sum to be proven at trial in this matter;

  H. Attorneys fees and costs pursuant to 42 USC §1988;

  I. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Patchogue, New York
   September 13, 2011

      **EGAN & GOLDEN, LLP**
      *Attorneys for Plaintiff*

By: _____
      Brian T. Egan, Esq. (BTE 1260)
      96 South Ocean Avenue
      Patchogue, New York 11772
      631.447.8100


      **MICHAEL J. BROWN, P.C.**
      *Attorneys for Plaintiff*

By: _____
      Michael J. Brown, Esq. (MJB 7593)
      Courthouse Corporate Center
      320 Carleton Avenue, Suite #2000
      Central Islip, New York 11722
      631.232.9700

## VERIFICATION

STATE OF NEW YORK ) 
                              ) ss.: 
COUNTY OF SUFFOLK )

NYESHIA SKIPWORTH, being duly sworn, deposes and says:

I am the Plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

_____
NYESHIA SKIPWITH

Severally sworn to before me this
13th day of September, 2011.

_____
Notary Public

KIM M. CATALANOTTO
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01CA6040509
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES APRIL 24, 2014